IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM RANDALL BURNETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.   2:17-cv-720-MHT |
| | ) | |
| VETERANS HEALTHCARE SYSTEM | ) | |
| OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States

Magistrate Judge for review and submission of a report with recommended findings of fact and

conclusions of law (Doc. 3, entered 10/26/17).    Pending before the Court is Defendant's Motion

to Dismiss and brief in support (Docs. 11-12, filed 4/9/18).    For the reasons discussed below,

the Magistrate Judge recommends the motion to dismiss be granted, this case be dismissed with

prejudice, and any remaining motions be denied as moot.

## I.   BACKGROUND

This complaint was filed by William Randall Burnette ("Plaintiff" or "Burnette") on

October 23, 2017.   *See* Doc. 1.   Plaintiff – who proceeds *pro se* – asserts claims under the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-2680.    Plaintiff asserts his

claims against Defendant Veterans Healthcare System of Alabama ("Defendant" or "the VA").[1]

---

[1] Of note, this is the second lawsuit Plaintiff filed in this court stemming from injuries he allegedly
experienced at the VA in Montgomery.   *See* Civ. Act. No. 2:14-cv-660 (M.D. Ala. 2014).   His first
lawsuit (filed on July 8, 2014) was voluntarily dismissed on September 16, 2014 prior to an answer from
the Defendant.    *See id,* Docs. 15-16. Plaintiff attaches a reference to his original case to the complaint in
this instant suit.   *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499,
2509, 168 L. Ed. 2d 179 (2007) ("courts must consider the complaint in its entirety, as well as other
sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,

After filing his complaint, the Court granted his motion to proceed *in forma pauperis*.   *See* Doc. 5.

Plaintiff asserts that on July 13, 2011, he was hit by a vehicle while walking through the parking lot from his car to the VA building which resulted in .   *See* Doc. 1 at p. 4, Section III. He alleges the VA was negligent by not providing sidewalks or other safety measures (such as foot patrols, reduced congestion of the parking lot, or cameras). to help pedestrians safely move from the parking lot to the building.   Plaintiff further states this has been an un-safe condition for the last 20 years.   *Id*.   He seeks compensatory and punitive damages for his spinal cord injuries and its resulting loss of mobility/confinement to a wheelchair.   He seeks $500,000.00 in compensatory damages and $700,000.00 in punitive damages.   *Id*. at p. 6, Section IV.

On April 9, 2018, Defendant filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).   *See* Docs. 11-12.   Specifically, Defendant asserts the lawsuit should be dismissed because he did not sue the right party or timely file this lawsuit under the FTCA requirements.   First, Defendant asserts that pursuant to the FTCA, the only proper party defendant in this lawsuit is the United States.   Next, Defendant also argues that the statute of limitations has passed and Plaintiff's lawsuit here is untimely.   Attached to the motion to dismiss is a copy of the denial letter sent to Plaintiff regarding his original administrative tort claim.   *See* Doc. 12, Exhibit A.   The letter is dated December 4, 2013.   *Id*.

On April 18, 201, the Court entered a show cause order requiring Plaintiff to respond to the motion to dismiss on or before May 9, 2018.   *See* Doc. 14.   No response was filed. Therefore, on May 21, 2018, the Court entered a second order directing the plaintiff to show cause why he failed to timely respond to the motion to dismiss.   Additionally, the Court

documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")

explicitly warned the plaintiff of the potential consequences of failure to respond to the Court's orders.   The Court stated:

> The plaintiff is specifically cautioned that if he fails [to] file a response as required by this order, the court may treat that failure as a failure to obey the orders of the court and/or an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned may recommend that this case be dismissed.

*See* Doc. 15.   No response was filed to the second order and Plaintiff has filed no additional pleadings with the Court.

## II.   JURISDICTION

Burnette asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as he brings claims under FTCA.   The parties do not contest personal jurisdiction or venue and there are adequate allegations to support both.   The Defendant does contest jurisdiction as being barred due to the statute of limitations and failure to identify proper defendant.

## III.   STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014); *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).   Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings

filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

Additionally, because the Plaintiff proceeds *in forma pauperis*, the Court has an ongoing requirement to conduct a review to determine whether the claims are frivolous, malicious, or fails to state a claim on which relief may be granted under to 28 U.S.C. § 1915(e)(2)(B).   The statute provides, in pertinent part: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Next, there are three potential standards of review raised by Defendant in its motion to dismiss: Rule 12(b)(1) facial attack, Rule 12(b)(1) factual attack, and Rule 12(b)(6).

**A.     Federal Rule of Civil Procedure 12(b)(1) – Lack of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000).   The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction.     *Gilmore*, 125 F.Supp.2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L.Ed. 951 (1942)).   A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually.   *Makro v. Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at   1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether

the plaintiff has alleged a sufficient basis for subject matter jurisdiction.   *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n. 5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).   "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion -- the court must consider the allegations of the complaint to be true."   *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (The Court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing a Rule 12(b)(6) review.).   The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits."   *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).   "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."   *Id*. at 1206.   When discussing exhibits on a facial attack, the Court may consider exhibits attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 Fed. Appx. 599, 602 (11th Cir. 2015).   Exhibits attached to the complaint are considered part of the complaint for all purposes.   *Id*.   Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed.   *Id*.

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings."   *Morrison*, 323 F.3d at 925.   On a Rule 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.   *Lawrence*, 919 F.2d at 1529.   Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits."   *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925

n. 5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997).   The trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations."   *Makro*, 543 F.3d at 1528 (internal quotations omitted); *see also Willett v. United States*, 24 F.Supp.3d 1167, 1173 (M.D. Ala. 2014) (stating same).   In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction."   *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action."   *Lawrence*, 919 F.2d at 1529.   The Eleventh Circuit has specifically cautioned district courts "should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*." *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotations omitted and emphasis in original).

**B.      Federal Rule of Civil Procedure 12(b)(6) – Lack of Subject Matter Jurisdiction**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint.   *Gilmore*, 125 F. Supp.2d at 471.   To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).   In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true."   *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (*citing St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)).   In other words, in deciding a 12(b)(6)

motion to dismiss, the court will accept the petitioner's allegations as true.   *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)).   However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief."   *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966.   Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court."   *Id*. (citations omitted).   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Id*. at 555, 127 S. Ct. at 1964-65 (citations omitted).   Factual allegations must be enough to raise a right to relief above the speculative level.   *Id*.   Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.   *Id*. at 570, 127 S. Ct. at 1974.   It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery."   *Id*. at 561, 127 S. Ct. at 1968 (internal quotation and alteration omitted).

Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## IV.   DISCUSSION AND ANALYSIS

"It is well-settled" that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued.'" *Monzon v. United States*, 253 F.3d 567, 570 (11th Cir. 2001) (quoting *Mid-South Holding Co. v. United States*, 225 F.3d 1201, 1203 (11th Cir. 2000)).   "The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims," allowing individuals to sue the government "under certain circumstances." 28 U.S.C. § 1346(b); *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). However, when a plaintiff fails to satisfy the statutory requirements for maintaining suit under the FTCA, the district court lacks subject matter jurisdiction and dismissal is appropriate.   *See Dalrymple*, 460 F.3d at 1324, 1326 (concluding that the district court properly dismissed FTCA claim for lack of subject matter jurisdiction because the plaintiffs did not comply with the statutory prerequisites to suit).

## A.   Proper Defendant

In *Levin v. United States,* the Supreme Court explained that the FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of federal employees acting within the scope of their employment." 568 U.S. 503, 506, 133 S. Ct. 1224, 1228, 185 L. Ed. 2d 343 (2013).   "Substantively, the FTCA makes the United States liable to the same extent as a private individual under like circumstances, under the law of the place where the tort occurred, subject to enumerated exceptions."   *Id*. at 506-07, 133 S. Ct. at 1228.   However, neither the federal employee nor the federal agency is a proper defendant in a

FTCA case.   *See Daniel v. United States Marshal Serv.*, 188 F. App'x 954, 956 (11th Cir. 2006) ("[T]he United States [is] the only proper defendant, pursuant to the FTCA."); *see also Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.").   In sum, the law is clear that the FTCA authorizes claims *only* against the United States.   *See* 28 U.S.C. § 2679(b)(1); *Trupei v. United States*, 304 F. App'x 776 (11th Cir. 2008) (citing statute and stating same).

Burnette filed his lawsuit against the Veterans Healthcare System of Alabama.   *See* Doc. 1 at p. 1-2.   When Defendant sent its letter denying Plaintiff's administrative claim, it specifically notified Burnette that the proper defendant would be the United States not VA.   *See* Doc. 12, Ex. A.   The United States – and not its agencies such as the VA – is the only proper defendant for tort actions.   Here, Burnette's failure to name the proper defendant (the United States) after a specific instruction on the matter warrants dismissal of his FTCA claims under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.[2]

## B.   Statute of Limitations

Even if the Court were to substitute the United States as the appropriate defendant in place of the VA, Plaintiff's tort claims against the United States would still be subject to dismissal because of the statute of limitations.

Under the FTCA, a tort claim against the United States is barred if (1) it is not presented to the appropriate Federal agency within two years after such claim accrues and (2) if an action is not filed within six months after the agency mailed notice of final denial of the claim.   28 U.S.C. § 2401(b); *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001).   In 2015, the Supreme Court ALSO made clear that time bars in the FTCA "are nonjurisdictional and subject

---

[2]  The Court notes that the applicable standard of review is a Rule 12(b)(1) facial attack.

to equitable tolling." *United States v. Wong*, --- U.S. ---, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015).   Thus, the analysis on time bar in § 2401 shall be reviewed under the framework of Fed. R. Civ. P. 12(b)(6) and not 12(b)(1).   *Harris v. United States*, 627 F. App'x 877, 878-79 (11th Cir. 2015).

Before turning to the full analysis, the Court notes that normally under Rule 12(b)(6), the Court may not look beyond the pleadings.   The pleadings include any information attached to the complaint.   Fed. R. Civ. P. 10(c); *United States ex rel Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (citations omitted).   However, "a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."   *Humana*, 776 F.3d at 811 (citing *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)).   Attached to Defendant's Motion to Dismiss is a copy of the certified mail sent to Plaintiff on December 4, 2013 wherein he was notified his administrative tort claim was denied.   *See* Doc. 12, Ex. A.   The FTCA is very clear on its timelines and a claim "shall be forever barred" unless the claimant follows the two-year time frame and then filed within six months after the agency denies the claim.   28 U.S.C. § 2401(b).   As such, the Court finds the agency denial letter is central to plaintiff's claim.   Nor has the letter's authenticity been challenged.   Therefore, the Court may consider the letter when reviewing a 12(b)(6) challenge for statute of limitations purposes.

In the case at hand, Burnette alleges cause of actions which stem from injuries which occurred on July 13, 2011.   *See* Doc. 1; Doc. 12, Ex. A.   Burnette timely filed his administrative claim with the VA on June 11, 2013.[3]   On December 4, 2013, he received his

---

[3]  The Court does not specifically have information before it which substantiates that date.   However, the government provides the date in its motion to dismiss and does not dispute the timeliness of Plaintiff presenting his administrative complaint to the VA.   As such, for the purposes of the analysis, the Court will assume the information to be true as it is information as it is to the benefit of the Plaintiff and will no

denial letter which enumerated the 6-month timeline to file his claim with the federal district court. *See* Doc. 12, Ex. A. Therefore, his 6-month timeline would normally expire June 4, 2014. Burnette originally filed his claims on July 8, 2014. *See* Civ. Act. No. 2:14-cv-660-MHT (M.D. Ala. 2014), Doc. 1.[4] Ultimately, that case was voluntarily dismissed by the plaintiff, so the Court need not determine whether the timeline in that case was ever met. *See id*, Docs. 15-16.

Plaintiff's voluntary dismissal of his first lawsuit does not automatically toll the timeline for the filing of his claims. Therefore, his second lawsuit is well outside of the FTCA's 6-month filing requirement. "Although a court may equitably toll a limitations period, the plaintiff[] must establish that tolling is warranted….[and] [e]quitable tolling is an extraordinary remedy which should be extended only sparingly." *Bost v. Fed'l Express*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citing *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotations omitted). Plaintiff indicates in his complaint that he could not pursue his original case because he was incarcerated in state prison, could not hire an attorney, and dismissed his first lawsuit without prejudice so he could re-file at a later date. *See* Doc. 1, Atch. 1. However, this does not constitute sufficient basis for this Court to toll his claims for almost four years.

While the Court must liberally construe the filings of a *pro se* party, we still require *pro se* parties to comply with procedural rules, including statute of limitations. *Tucker v. United States*, --- F. App'x ---, 2018 U.S. App. LEXIS 3174, 2018 WL 774041 (11th Cir. Feb. 8, 2018)

---

prejudice him
[4] "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322, 127 S. Ct. at, 2509. The Court takes judicial notice of the prior proceeding especially as Plaintiff himself references it in his complaint in this second lawsuit.

(citations omitted).   More to the point, "pro se litigants, like all others, are deemed to know of the . . . statute of limitations."   *Outler v. United States*, 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007).   Based on the above, this lawsuit was not timely filed under the FTCA statute of limitations requirements and again merits dismissal.

## C.    Failure to Prosecute

Finally, and only as an alternative finding, even if the Court had jurisdiction, this case merits dismissal for failure to prosecute and obey court orders.[5]   On April 18, 2018, the Court entered its order that Plaintiff show cause why the Defendant's motion to dismiss should not be granted.   *See* Doc. 14.   No response was filed.   On May 21, 2018, the Court entered an order providing Plaintiff a second opportunity to address the administration of this case.   *See* Doc. 15. The plaintiff was specifically cautioned that the failure to comply with this order could result in the court dismissing this case and treating the claims as abandoned.   *Id.*   The plaintiff has filed nothing in response to this order.

In short, the Plaintiff has done nothing in furtherance of his case since her original action in this case in October 2017.   It remains Plaintiff's responsibility to respond to Court orders so that the case can be properly evaluated.   There have been no responses to the Court's orders and the Court adequately warned Plaintiff of the consequences of not responding.   In light of Plaintiff's failure to comply with the court orders issued on April 18, 2018 and May 21, 2018, the Court concludes that Plaintiff has abandoned his claims.   "[E]ven a non-lawyer should realize the peril to her case, when [he] . . . ignores numerous notices" and fails to comply with court orders.   *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has

---

[5] This basis is offered solely as an alternative basis to the jurisdictional analysis noted above.   The undersigned notes that lack of jurisdiction must be addressed prior to any additional rationale for dismissal.   *See Smitherman v. United States*, 463 F. App'x 893, 895 (11th Cir. Apr. 2, 2012).

been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution."   *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

## V.   CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the Defendant's Motion to Dismiss (Docs. 11-12, filed 4/9/18) be **GRANTED** and this case be **DISMISSED with prejudice** for lack of jurisdiction and barred by statute of limitations. Additionally, any remaining motions should be **DENIED as moot**.

Additionally, it is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **June 21, 2018.**   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.   Frivolous, conclusive, or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206

(11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 7th day of June, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE